IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TREVOR BROERMAN**                                                      **PLAINTIFF**

**v.**                                                                   **CIVIL NO. 3:23-cv-90-HTW-LGI**

**NURSE MARY JOE ROBINSON,**
**NURSE DAPHNE BARR, and**
**SOUTHERN HEALTH PARTNERS**                               **DEFENDANTS**

### REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Motion to Dismiss [16] based on Plaintiff's failure to prosecute. Having considered the record and the applicable law, the undersigned recommends that Defendants' Motion [16] be granted.

### I. BACKGROUND

On February 2, 2023, pro se Plaintiff Trevor Broerman ("Plaintiff") filed this civil action pursuant to 42 U.S.C. § 1983, when he was incarcerated at the Lauderdale County Detention Center ("LCDC") in Meridian, Mississippi. *See* Compl. [1] at 1–4. Plaintiff is proceeding *in forma pauperis, see* Order [5], and his Complaint is subject to screening under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(h).

On the same day Plaintiff filed this civil action, the Clerk of Court sent Plaintiff a Notice of Assignment [1-2] informing Plaintiff of his obligation to notify the Court of any changes to his address and explaining in detail how to do so. The

Notice [1-2] also warned Plaintiff that a failure to comply with any Order of the Court or a failure to notify the Court of a change of address may result in the dismissal of this case.

On July 12, 2023, the undersigned entered two Orders [8],[9] in this civil action.  The first Order [8] acknowledged Plaintiff's voluntary dismissal of Defendant McCarter and his replacement of Defendant John Doe with Southern Health Partners.  Order [8].  The Order also clarified that the remaining named Defendants are Mary Joe Robinson, a Nurse at LCDC; Daphne Barr, a Nurse at LCDC; and Southern Health Partners, the medical provider for LCDC.  *Id*.  The second Order [9] entered on July 12, 2023, directed that service of process issue for each Defendant.  The Clerk of Court mailed a copy of both Orders to Plaintiff at LCDC, his address of record.  On July 24, 2023, the postal service returned the envelopes [11],[12] containing these Orders [8],[9] as undeliverable with the notation, unable to forward.

On July 25, 2023, Defendants filed their Waiver of Service [13] followed by their Answer [15] on August 15.  On August 16, 2023, Defendants filed a Motion to Dismiss [16] under Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute. Defendants assert that Plaintiff was released from the LCDC on July 12, 2023, and his failure to provide a current address violates prior Orders of this Court. Plaintiff has not responded to Defendants' Motion to Dismiss [16] and the time for doing so has expired.

Out of an abundance of caution, on October 17, 2023, the undersigned entered an Order to Show Cause [19]. The Show Cause Order directed Plaintiff, on or before October 31, 2023, to file a written response showing cause why this case should not be dismissed for failure to prosecute. The Show Cause Order warned Plaintiff that "if he fails to fully comply with this Order in a timely manner or if he fails to advise the Court of his current address, this case will be dismissed." Order to Show Cause [19] at 2. The Clerk of Court mailed a copy of the Order to Show Cause to Plaintiff at his address of record. On October 23, 2023, the postal service returned the envelope [20] containing the Order to Show Cause as undeliverable. Needless to say, Plaintiff did not comply with the Order to Show Cause. Likewise, Plaintiff has not contacted the Court to inquire about this case or to supply a current address. Plaintiff last took action in this case when he filed a Response [7] on May 3, 2023.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action when a plaintiff fails to prosecute or comply with a court order. Even though Rule 41(b) speaks in terms of dismissal on the motion of a defendant, the Court has the authority to dismiss an action for Plaintiff's failure to prosecute or to comply with any order of the Court under Rule 41(b) and under its inherent authority to dismiss an action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir.

2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").

The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. "[T]rial courts must be allowed leeway in the difficult task of keeping their dockets moving." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiff has not advised the Court of his current address after being warned that failing to do so would result in the dismissal of his lawsuit. The Court specifically warned Plaintiff on six occasions that his failure to advise the Court of his current address or comply with a court order could result in the dismissal of this case. *See* Orders [19],[9],[6],[5],[3]; Not. of Assign. [1-2]. Plaintiff did not comply with the Order to Show Cause [19] and he has taken no action in the case since May 3, 2023.

The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to keep the Court informed of his current address would result in the dismissal of this case. The Court's repeated warnings "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Additionally,

4

there is nothing in the record to suggest that further warnings will be effective. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. Based on the foregoing, Defendants' Motion to Dismiss should be granted and this case should be dismissed without prejudice.[1]

### III.  RECOMMENDATIONS

For the reasons stated, the undersigned recommends that:

1.  Defendants' Motion to Dismiss [16] be GRANTED;

2.  This case be dismissed WITHOUT PREJUDICE; and

3.  A final judgment be entered as the adoption of this Report and Recommendation that will dispose of all the claims against all Defendants.

### IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions

---

[1] Plaintiff's allegations involve events that occurred in December of 2022. At this time, a without prejudice dismissal would be prior to the expiration of the applicable three-year statute of limitations and would *not* be "tantamount to a dismissal with prejudice." *Searcy v. Paxon*, No. 21-40602, 2022 WL 1763373, at *1 (5th Cir. June 1, 2022) (noting "heightened standard" applies to *sua sponte* dismissals when "plaintiff's action likely would be barred by a statute of limitations if it were dismissed without prejudice").

accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 14th day of November, 2023.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE